IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, ) | CIVIL NO. 12-00473 LEK/RLP |
| ) | |
| Plaintiff, ) | ORDER DISMISSING COMPLAINT AND |
| ) | ACTION PURSUANT TO 28 U.S.C. |
| vs. ) | § 1915(g) |
| ) | |
| ACO GRIBBIN, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DISMISSING COMPLAINT AND ACTION
PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is *pro se* Plaintiff Peter Ray Tia's prisoner civil rights Complaint and *in forma pauperis* ("IFP") application. Plaintiff complains of mishandled mail, conspiracies, and alleged due process abuses at the Halawa Correctional Facility ("HCF").

**I. 28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in
> any facility, brought an action or appeal in
> a court of the United States that was
> dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order

dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.

Plaintiff is well acquainted with the federal courts, having filed more than twenty-seven federal civil actions and appeals since 2001. *See* http://pacer.psc.uscourts.gov. (PACER Case Locator). At least three of Plaintiff's prior cases qualify as "strikes" under § 1915(g):

(1) *Tia v. Fujita*, 1:08-cv-00575 HG (D. Haw. Jan. 27, 2009) (dismissed for failure to state a claim);

(2) *Tia v. Criminal Investigation Demanded*, 1:10-cv-00383 SOM (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and

(3) *Tia v. Criminal Investigation*, 1:10-cv-00441 DAE (D. Haw. Jul. 30, 2010) (dismissed as frivolous and for failure to state a claim).[1]

---

[1] Plaintiff is well aware of the three-strike rule and that he has accrued at least three strikes. This court and the Ninth Circuit Court of Appeals have notified Plaintiff about these and many other strikes in his earlier actions. *See e.g.*, *Tia v. Borges*, App. No. 12-16158 (9th Cir. Aug. 9, 2012) ("[T]he district court correctly determined that appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim[.]"); *Tia v. Baker*,

Plaintiff may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. <u>NO IMMINENT DANGER</u>

To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). Further, "the availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055. Claims concerning an "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. See *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

---

1:11-cv-00098 HG; *Tia v. Doe Defendants as Aggrieved*, 1:11-cv-00352 SOM; *Tia v. Mollway*, 1:11-cv-00421 JMS (dismissed after finding no allegation of imminent danger and that Plaintiff was on notice of prior cases considered as strikes).

3

Plaintiff's Complaint is incoherent; he broadly alleges that Defendants, including prison guards, the Hawaii governor, and the City and County of Hawaii are or have been conspiring with officials from the Corrections Corporation of America, the Hawaii Paroling Authority, and a white supremacist gang. He alleges that his mail has been mishandled, court cases have been obstructed, and his release has been delayed. He complains of his "kidnapping" and continued incarceration. These allegations do not support a finding that Plaintiff was in imminent danger of serious physical injury when he filed this Complaint. Plaintiff may not proceed in this action without prepayment of the civil filing fee, pursuant to 28 U.S.C. § 1915(g).

### III.  **CONCLUSION**

Accordingly, the Complaint and action are DISMISSED without prejudice. If Plaintiff wishes to reassert these claims in the future, he may do so by concurrently submitting the entire $350.00 filing fee when he files the action. Any pending motions are terminated. The Clerk shall close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 27, 2012.



　　　　　　　　　　　　　　　/S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　United States District Judge

*Tia v. ACO Gribbin, et al.*, 1:12-00473 LEK/RLP; ORDER DISMISSING COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. § 1915(g); psas/3 Strikes Ords/DMP 2012/Tia 12-473 lek (no imm. dng)