IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PETER R. TIA, | ) | NO. 1:12-cv-00473 LEK/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION |
| vs. | ) | |
| | ) | |
| MICHAEL GRIBBEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

Before the court is Petitioner's "Memorandum Pursuant to Case Dismissals,"[1] construed as a motion for reconsideration. ECF #6. Plaintiff apparently seeks reconsideration of the August 27, 2012, Order dismissing his Complaint and action, finding that he has accrued three strikes pursuant to 28 U.S.C. § 1915(g) and is not entitled to proceed *in forma pauperis*. Ord., ECF #4. Plaintiff's action was dismissed without prejudice to Plaintiff's commencing another action with concurrent payment of the filing fee. Plaintiff apparently complains that the court failed to comply with Local Rule LR5.2, allegedly by failing to label or log his exhibits 1-6. Plaintiff's Motion is DENIED.

"A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the

---

[1] This document is captioned for two cases, the present action and No. 1:12-cv-00383 HG, and has been filed in both actions.

district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (internal citations and emphasis omitted). This type of motion seeks "a substantive change of mind by the court." *Tripati v. Henman*, 845 F.2d 205, 206 n. 1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)). A successful motion for reconsideration must demonstrate some reason that the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).

Plaintiff provides no reason to reconsider the Order finding that he has accrued three strikes and did not plausibly allege imminent danger of serious physical injury at the time he filed the Complaint. First, Local Rule LR5.2 requires litigants to label documents submitted for filing as "ORIGINAL;" it does not dictate any procedure for the court. Second, Plaintiff did not label his exhibits as ORIGINALS, as required by local rules. The court, however, filed Plaintiff's exhibits nonetheless. *See* ECF #1-1, #1-2, #1-3, #1-4, #1-5, #1-6.

The court is unable to understand any other bases for reconsideration that Plaintiff may be asserting. Plaintiff fails

to set forth facts or law of a strongly convincing nature persuading this court to reverse its August 27, 2012 Order and his Motion is DENIED.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, September 6, 2012.



    /S/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

*Tia v. Gribben, et al.,* 1:12-cv-00473 LEK/RLP; ORDER DENYING MOTION FOR RECONSIDERATION; psas\recon\DMP\2012\Tia 12-473 lek (re. dsm C 1915(g)